IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE CITY OF CHICAGO, *ex rel.*, CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, a voluntary association, <br><br> *Plaintiffs*, <br><br> v. <br><br> SOUND SOLUTIONS WINDOWS & DOORS, INC., *et al.*, <br><br> *Defendants*. | No. 09 C 6948 <br><br> Hon. Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, the United States of America and the City of Chicago, *ex rel.*, Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (Relator), filed suit against Defendants Sound Solutions Windows & Doors, Inc. ("Sound Solutions") and Ronald Spielman ("Spielman") pursuant to the U.S. False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1 *et seq.*, and the City of Chicago False Claims Ordinance, Chicago Mun. Code §§ 1-22-010 *et seq.* On May 11, 2017, Magistrate Judge Mary M. Rowland issued a Report and Recommendation ("R&R") in the above-entitled matter recommending the Court grant a pending motion for entry of default judgment against Ronald Spielman. (Dkt. No. 184.) The motion, filed by the City of Chicago ("the City"), sought damages jointly and severally with Sound Solutions in the amount of $13,554,508.01.[1] For the following reasons, the Court hereby adopts the R&R and enters

---

[1] The Court previously entered default judgment for the same damages in favor of the City against Sound Solutions in May 2015. (Dkt. No. 114.)

1

default judgment for the City, jointly and severally with Sound Solutions, against Spielman in the amount of $13,554,508.01.[2] [184.]

## BACKGROUND

This opinion assumes familiarity with the relevant facts and procedural background set forth in the comprehensive R&R. (Dkt. No. 184.) Spielman filed specific objections and requests remand to the magistrate judge in order to permit additional discovery and to conduct an evidentiary hearing on the general issue of damages under the False Claims Act. (Dkt. No. 189 at 4.) His objections concern: (1) the *actual* damages sustained by the City under the municipal false claims ordinance; (2) the adoption of the "taint method" for calculating damages; (3) whether or not the City received a benefit from the contracts with Defendants; and, (4) whether the R&R improperly shifted the burden of proof from the Government to the Defendants. (*Id*. at 5-11.)

## STANDARD OF REVIEW

A party has 14 days to file specific objections to any findings and conclusions in the R&R, and the opposing party may file a response 14 days after the filing of the lodged objections. Fed. R. Civ. P. 72(b)(2). The factual and legal conclusions specifically objected to in the R&R are reviewed by the district court *de novo*. Fed. R. Civ. P. 72(b)(3); *Goffman v. Gross*, 59 F. 3d 668, 671 (7th Cir. 1995).

## DISCUSSION

As a preliminary matter, the disputed entry of judgment arises under the Chicago False Claims Ordinance, but the Parties agree that the Chicago False Claims Ordinance is modeled upon the U.S. False Claims Act ("FCA"). (Dkt. Nos. 149 at 2; 152 at 1; 184 at 4.) Accordingly,

---

[2] Spielman and the United States entered into a settlement agreement, leaving the City as the only remaining plaintiff. (Dkt. Nos. 171; 172.)

the Court agrees with the R&R that "case law interpreting the Act may be used to interpret the Chicago False Claims Ordinance." See *U.S. ex rel. Batty v. Amerigroup Illinois, Inc.*, 528 F.Supp. 2d 861, 871 n.8 (N.D. Ill. 2007) (analyzing the Illinois Whistleblowers Reward and Protection Act using FCA case law); *U.S. ex rel. Kennedy v. Aventis Pharm., Inc.*, 512 F.Supp. 2d 1158, 1166 (N.D. Ill. 2007) (case law regarding the FCA is also applicable to similar state statute). With that established, the Court reviews each objection raised by the Defendant using applicable FCA case law.

**I. The R&R Properly Calculated Actual Damages Using the Taint Method.**

Spielman's objections that the R&R improperly applied the "taint theory" for calculating actual damages under the FCA are unfounded. Generally, "the measure of damages the United States is entitled to recover under the FCA is the amount of money the government paid out by reason of the false claims over and above what it would have paid out if the claims had not been false or fraudulent." *U.S. v. Rogan*, 2006 WL 8427270, at *21 (N.D. Ill.) (aff'd, 517 F.3d 449 (7th Cir. 2008). While the FCA does not specify how to calculate damages, the legislative history and courts suggest a "case-by-case basis" approach whereby courts may fashion measures of damages. See S. Rep. No. 96-615 at 4 (1980); see also *U.S. ex rel. Feldman v. van Gorp*, 697 F.3d 78, 89 (2nd Cir. 2012) (citing *U.S. ex rel. Marcus v. Hess*, 317 U.S. 537 (1943) (quotations omitted) (the Act does not specify how to measure damages, but the Supreme Court has recognized that the purpose of damages … under the Act is to make the government 'completely whole')).

Spielman argues there should be a reduction in damages because the City obtained measurable value through completion of the sound-proofing installation on private homes around O'Hare and Midway, as required by the contract. Thus, he urges the damages should be reduced

by the value of the installations. He further questions the use of the "taint theory," a process by which the court calculates an intangible or unascertainable market value of non-conforming goods or services in a contract obtained through fraud. See, e.g., *Feldman*, 697 F.3d at 88; *U.S. ex rel. Wall v. Circle C. Const., LLC*, 813 F.3d 616, 617-18 (6th Cir. 2016) (damages were the entire amount of the government contract because the defendant failed to comply with an services term). This is the result of the R&R indicating that the actual damages for the City and against the Defendants is the total contract price of each of the five contracts.

This argument fails for two reasons. First, the court agrees with the Magistrate Judge that, although the Defendants successfully installed sound-proofing under the contracts, the benefit of that installation was for private citizens who happened to qualify for the installation program. The sound-proofing installation was not a tangible benefit for the City; rather, it objectively improved homes owned by private citizens. The stated benefit for the City was the use of DBE/MBE subcontractors, and the Defendant's failure to use them formed the basis of the fraudulent claims against the City.

Second, the method for calculating damages under the FCA is left to the sound discretion of the court. See *Marcus*, 317 U.S. 551-52. Applied here, the benefit of the RISP contracts to the City is intangible. The requirement that a contractor use MBE and DBE subcontractors is assuredly a benefit to the City. See M.C.C. § 2-92-660(q). Yet there is no finite dollar value ascribable, or that can be parsed out of the terms of the contract, other than the full value of the contracts between the City and the Defendants. The Court is free to consider these elements when fashioning the measure of damages.

## II. The City Did Not Receive the Benefit of the Bargain.

Next, Spielman argues that the City received some benefit from the contracts because the Defendants completed all of the window installations set out in the contracts awarded to them. This, however, is not true because the City contracted – in part – for the participation of disadvantaged businesses in the completion of these contracts. The R&R properly accounted for the City's desire to support minority-owned businesses through its bid procedures on city contracts. M.C.C. § 2-92-740. For the City, the use of specific subcontractors is an equally if not more important benefit derived from entering into these contracts with Spielman and Sound Solutions. See *U.S. v. Leahy*, 464 F.3d 773, 793-94 (7th Cir. 2006) (the desired benefit of a contract requiring the use of minority- or women-run businesses is precisely the consideration bargained for by the City when it includes such provisions during the solicitation process).

The Court agrees with the R&R that even though the physical or tangible work set forth in the contract was completed, the intangible benefit of using specific subcontractors was not. The latter is precisely what the City bargained for and did not receive from the Defendants.

## III. The R&R Did Not Improperly Shift the Burden of Proof.

Finally, the Court is unpersuaded by Spielman's claim that the R&R imposes the "burden of proving all elements of its claim by a preponderance of the evidence," back onto the Defendants when this burden originally rests with the City. See *Brooks v. U.S.*, 64 F. 3d 251, 255 (7th Cir. 1995). First, the posture of this matter before the magistrate is on a motion for entry of default judgment, and so the Defendants decidedly failed to raise the issue of damages at an earlier stage of the proceedings. As noted in the Plaintiff's response, where the amount of damages is 'capable of ascertainment from definite figures' the court is entitled to enter a default judgment. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Applied

here, the Court accepts the method used to assess damages against Spielman for the City, and the contract documents identify the amounts paid by the City for each bid awarded to the Defendants. Further, FCA damages are trebled. 42 U.S.C. § 3729. Therefore, the damages are ascertained at $13,554,508.01, and the R&R does not improperly shift the burden of proof.

## CONCLUSION

For the reasons explained, the Court adopts the Report and Recommendation in its entirety, and enters default judgment, on behalf of the City of Chicago, against Ronald Spielman in the amount of $13,554,508.01. [184.]

Dated: December 18, 2017

_____
Hon, Virginia M. Kendall
United States District Judge